No. 285

ADAMS EXPRESS CO. v. WESTERN OHIO CREAMERY CO.

Ohio Appeals, 2nd Dist., Darke County
Nos. 189, 190. Decided Jan. 29, 1924

313. CORPORATIONS—Corporation which takes over assets of another and gives therefor stock to stockholders of old corporation, is liable for debts of latter.

ALLREAD, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

The Creamery Co. sued the Adams Express Co. for losses arising under certain shipments made by the Express Co. Subsequently the Express Co. and certain other companies were consolidated and merged into the American Railways Express Co. The latter took over substantially all the property and business of the constituent companies and gave no consideration other than the distribution of stock. The agreement of consolidation contained no covenant to assume the debts and liabilities of the constituent companies. The precise question in these cases is whether the consolidated company is liable for the debts and defaults of the Adams Express Co. The trial court held that it was. In affirming the judgment, the Court of Appeals held:

1. The debts of the original company follow as an incident to the consolidation and become by implication the obligations of the new corporation. 7 Ruling Case Law 182, 132 VA. 139; 190 Ky. 636. We think, in view of the nature of the consolidation that an assumption of the debts of the constituent companies by the consolidated company may properly be inferred.

Attorneys—Mannix, Crawford & Billingsley, for Express Co.; S. K. Mote, for Creamery Co.

---

No. 286

FLORESCU v. MURESAN

Ohio Appeals, 7th Dist., Mahoning County
Decided March 7, 1923

327. COURTS—When church authorities fail in determining ecclesiastical questions it is proper for civil courts to intervene. Pastor enjoined from conducting services.

BY THE COURT.

Epitomized Opinion

Published Only in Ohio Law Abstract

Original action in the Common Pleas wherein Stefan Florescu was plaintiff and Rev. Octavian Muresan was defendant. It was sought to enjoin Muresan from conducting religious services in the Holy Trinity Church of the Greek Orthodox faith in the City of Youngstown. On Nov. 15, 1921, Muresan was duly elected minister of the church. On Oct. 2, 1922, a protest was signed demanding his resignation. On Aug. 22, 1922, Florescu and three others were appointed to bring this action. On Dec. 18, 1922, Muresan resigned as pastor. The congregation then advertised for a pastor. On Dec. 31, 1922, an election was held re-electing Muresan as pastor and the question here is whether that election was effective. The lower court rendered judgment for plaintiff. Muresan perfected an appeal. Held:

Civil courts may not interfere with ecclesiastical matters, because such matters must be settled in the tribunals of the church. But if the church authorities fail or refuse to act, then recourse will be allowed to the civil courts. Muresan as pastor is subject to the archbishop of Roumania. The attempted re-election was not concurred in by the members of the congregation, as required by church rules, and the Archbishop of Roumania has never recognized or approved the attempted re-election of Muresan. Dissension has arisen among the people of the congregation and it is apparent that Muresan has outlived his usefulness as pastor of this people. It is proper for the civil courts to intervene here. Judgment for plaintiff.

Attorneys—C. P. Kaiser and Max Brunswick, for Florescu; Moore, Barnum & Hammond, for Muresan; all of Youngstown.